# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVELL HALL,<br><br>         Plaintiff,<br><br>  v.<br><br>Y.A. GUILA, et al.,<br><br>        Defendants. | ) 1:13-cv-00366-BAM (PC)<br>)<br>) ORDER DIRECTING CLERK OF COURT<br>) TO FILE LODGED AMENDED<br>) COMPLAINT<br>) (ECF No. 23)<br>)<br>) ORDER DISMISSING AMENDED<br>) COMPLAINT WITH LEAVE TO AMEND<br>)<br>) THIRTY-DAY DEADLINE<br>)<br>) |

## I.    Introduction

Plaintiff Lavell Hall ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on November 14, 2011. On March 13, 2014, the United States District Court for the Southern District of California dismissed Plaintiff's second amended complaint and transferred the action to this Court. (ECF No. 19.) On July 29, 2013, Plaintiff lodged an amended complaint. (ECF No. 23.) The Clerk of the Court is DIRECTED to file Plaintiff's lodged amended complaint.

## II.    Screening Requirement and Standard

In the interests of judicial economy, the Court now screens Plaintiff's amended complaint, which was lodged on July 29, 2013. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion

thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

### III.    **Plaintiff's Allegations**

Plaintiff is no longer incarcerated. The events alleged in the complaint occurred while Plaintiff was housed at Centinela State Prison, which is not located in this district, and at Corcoran State Prison. Plaintiff names the following defendants: (1) Dr. Alex Peterson, Physician at Centinela State Prison; (2) Dr. Chamberlain, Physician at Centinela State Prison; (3) Dr. Mc.Cabe, Physician at CSP-Corcoran; (4) Dr. Edgar Clark, Medical Doctor at California Substance Abuse Treatment Facility in Corcoran, California; and (5) Y. Aguila, Staff Service Manager during Plaintiff's incarceration at Centinela State Prison. The Court's review is limited

1  solely to those defendants within the jurisdiction of this Court; that is, the Court's review is

2  limited to Plaintiff's claims against Drs. McCabe and Clark.

3        Plaintiff alleges as follows:  Plaintiff reported to medical staff in June 2007 regarding a

4  severe foot problem.  On October 19, 2007, Defendant Alex Peterson diagnosed the problem as

5  keratoderma, possibly familial and psoriasis or possible tinea.  The problem is described as a

6  large plaque of thick hyperkeratotic skin on both heels extended onto the instep, which is

7  symmetrical on both feet.  It is bordered by hyperpigmented border on the lateral feet.  There are

8  several onychomycotic toenails as well as scaliness in the two webs.

9        From 2007 to the present, Plaintiff has complained about being in severe pain and not

10  being able to stand or walk for any significant period of time.  Plaintiff's treatment has only

11  made the problem worse.  On November 30, 2007, March 1, 2008 and June 2009, Dr. Peterson's

12  treatment failed to rectify the problem.  In many instances, treatment was ordered, but never

13  received.

14        On July 28, 2010, Plaintiff filed a 602 appeal grievance, which was granted at the first

15  and second level through the third level.  However, there was no treatment that eradicated the

16  excruciating pain in Plaintiff's lower legs.  The infection was diagnosed by a specialty physician,

17  but no treatment was received on follow-up consultation as ordered.

18        Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs

19  in violation of the Eighth Amendment to the United States Constitution.  Plaintiff incorporates

20  by reference exhibits attached to his complaint.

21  **IV.  Deficiencies of Complaint**

22        Plaintiff's complaint does not comply with Federal Rules of Civil Procedure 8 and 18.

23  Plaintiff will be granted leave to file an amended complaint.  To assist Plaintiff, the Court

24  provides the pleading and legal standards that appear applicable to his claims.  Plaintiff should

25  amend only those claims that he believes, in good faith, are cognizable in this action.

26  **A.  Federal Rule of Civil Procedure 8**

27        Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and

28  plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff has failed to set forth sufficient facts upon which he bases his claims against Defendants McCabe and Clark.  Indeed, Plaintiff does not reference Defendants McCabe and Clark in any of his factual allegations.  If Plaintiff chooses to amend his complaint, he must clearly identify the claims against Defendants McCabe and Clark and the facts upon which he bases those claims.

## B.    Federal Rule of Civil Procedure 18

Plaintiff is raising numerous claims based on different events at different prisons. Plaintiff may not bring unrelated claims against unrelated parties in a single action.  Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980).  Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not assert claims against unrelated defendants in this action.  In other words, Plaintiff may not bring a claim for deliberate indifference against Drs. McCabe and Clark and against individuals working at Centinela State Prison in a single action.

In his amended complaint, Plaintiff shall choose which claims he wishes to pursue in this action.  If Plaintiff does not do so and his amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss the claims it finds to be improperly joined.

**C.      Claims Arising from Inmate Appeals**

Based on the exhibits, Plaintiff's claim against Defendants McCabe and Clark appears to be based on their roles in the inmate appeals process.  Plaintiff cannot pursue any claims against staff relating to their involvement in the administrative review of his inmate appeals.  The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  To state a claim under section 1983, Plaintiff must demonstrate personal involvement in the underlying violation of his rights, Iqbal, 129 S.Ct. at 1949; Jones, 297 F.3d at 934, and liability may not be based merely on Plaintiff's dissatisfaction with the administrative process or a decision on a grievance, Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640.

Further, it appears from the exhibits that Defendant McCabe partially granted Plaintiff's appeal at the first level, but noted that Plaintiff had been transferred to Centinela State Prison.  (ECF No. 23, pp. 20-21.)  Thereafter, Defendant Clark partially granted Plaintiff's appeal at the second level of review, but noted that Plaintiff had been transferred to North Kern State Prison.  (ECF No. 23, pp. 19, 22-23.)  It is unclear how the actions of Defendants McCabe and Clark violated Plaintiff's constitutional rights.  Plaintiff will be given leave to cure this deficiency.

**V.      Conclusion and Order**

Plaintiff's amended complaint violates Federal Rules of Civil Procedure 8 and 18 and fails to state a cognizable claim.  As noted above, the Court will provide Plaintiff with the opportunity to file an amended complaint to cure the identified deficiencies.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).  Additionally, Plaintiff may not change the nature of this suit by

adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a cognizable claim;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a fourth amended complaint; and

4. If Plaintiff fails to file a fourth amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   __May 14, 2014__          ___/s/ Barbara A. McAuliffe___
                                    UNITED STATES MAGISTRATE JUDGE