# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVELL HALL,<br><br>        Plaintiff,<br><br>  v.<br><br>Y.A. GUILA, et al.,<br><br>        Defendants. | 1:13-cv-00366-BAM (PC)<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE |

**I.  Introduction**

Plaintiff Lavell Hall ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on November 14, 2011.  On March 13, 2013, the United States District Court for the Southern District of California dismissed Plaintiff's second amended complaint and transferred the action to this Court.  (ECF No. 19.)  On July 29, 2013, Plaintiff lodged an amended complaint.  (ECF No. 23.)  On May 14, 2014, the Court directed the Clerk of the Court to file Plaintiff's lodged amended complaint.  In the interests of judicial economy, the Court screened Plaintiff's amended complaint and dismissed it for failure to state a claim.  The Court also granted Plaintiff leave to amend.  (ECF No. 27.)  Following an extension of time, Plaintiff's fourth amended complaint, filed on July 3, 2014, is currently before the Court for screening.  (ECF No. 30.)

///

## II. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## III. Plaintiff's Allegations

Plaintiff is incarcerated at California State Prison, Los Angeles County. The events alleged in the complaint occurred while Plaintiff was housed at Centinela State Prison, which is not located in this district. Plaintiff names the following defendants: (1) Dr. Alex Peterson,

2

Physician at Centinela State Prison; (2) Dr. Chamberlain, Physician at Centinela State Prison; (3) Y. Aguila, Staff Service Manager during Plaintiff's incarceration at Centinela State Prison; and (4) Defendant Does, Manager I (S.S.M.)

Plaintiff alleges as follows:  On June 20, 2007, Plaintiff reported a severe foot problem to medical staff.  On October 19, 2007, Defendant Alex Peterson diagnosed the problem as keratoderma, possibly familial and psoriasis or possible tinea.  The problem is described as a large plaque of thick hyperkeratotic skin on both heels extended onto the instep, which is symmetrical on both feet.  It is bordered by hyperpigmented border on the lateral feet.  There are several onychomycotic toenails as well as scaliness in the two webs.

From 2007 to the present, Plaintiff has complained about being in severe pain and not being able to stand or walk for any significant period of time.  Plaintiff's treatment has only made the problem worse.

On November 30, 2007, March 1, 2008 and June 2009, Dr. Peterson's treatment failed to rectify the problem.  In many instances, treatment was ordered, but never received.

On July 18, 2010, Plaintiff filed a 602 appeal grievance, which was granted at the first and second level through the third level.  However, there was no treatment that eradicated the excruciating pain in Plaintiff's lower legs.  The infection was diagnosed by a specialty physician, but no treatment was received on follow-up consultation as ordered.

Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution.  Plaintiff incorporates by reference exhibits attached to his complaint.

**IV.     Transfer of Action**

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in

which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, none of the defendants reside in this district. Plaintiff has omitted all reference in this amended complaint to defendants or events occurring at Corcoran State Prison. Rather, the events at issue in the fourth amended complaint occurred while Plaintiff was housed at Centinela State Prison in Imperial County. Imperial County is in the Southern District of California. Therefore, Plaintiff's claims should be transferred back to the United States District Court for the Southern District of California. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C.Cir.1974).

### V.     Conclusion and Order

Venue of this matter is not proper in this district. Instead, Plaintiff's fourth amended complaint should properly be returned to the United States District Court for the Southern District of California. Accordingly, IT IS HEREBY ORDERED that this matter is transferred back to the United States District Court for the Southern District of California.

IT IS SO ORDERED.

Dated:   **August 4, 2014**                    /s/ Barbara A. McAuliffe                    
                                                                         UNITED STATES MAGISTRATE JUDGE